ERIC D. HOUSER (SBN 130079)
CARRIE N. HEIECK (SBN 240580)
HOUSER & ALLISON
A Professional Corporation
701 Palomar Airport Road, Suite 200
Carlsbad, CA  92011
Telephone:  (760) 603-9664
Facsimile:  (760) 603-9668
Email: cheieck@houser-law.com

Attorneys for Defendant, NATIONWIDE CREDIT, INC. and SOCLYNO FERNANDEZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS HOROWITZ, | CASE NO.: 3:11-cv-01506-MMA-POR |
| Plaintiff, | Hon. Michael M. Anello |
| vs. | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONWIDE CREDIT, INC. TO PLAINTIFF'S COMPLAINT** |
| NATIONWIDE CREDIT, INC.; SOCLYNO FERNANDEZ, | |
| Defendants. | Complaint Filed: March 18, 2011<br>Trial Date: None |

COMES NOW the Defendants NATIONWIDE CREDIT, INC. ("NCI") and SOCLYNO FERNANDEZ ("Fernandez") (collectively referred herein as "Defendants") and hereby files their Answer to Plaintiff NICHOLAS HOROWITZ'S Complaint as follows:

## INTRODUCTION

1. Defendants state that the allegations contained in Paragraph 1 of the Complaint are legal conclusions and no answer is required of these answering defendants. However, to the extent that an answer is required, Defendants deny

ANSWER TO COMPLAINT
1

the allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION & VENUE

2. Defendants state that the allegations contained in Paragraph 2 of the Complaint are legal conclusions and no answer is required of this answering defendant. However, to the extent that an answer is required, Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4. Defendants are without knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint as to the residency of Plaintiff. Defendants state that the remaining allegations contained in Paragraph 4 of the Complaint are legal conclusions and no answer is required of this answering defendant. However, to the extent that an answer is required, Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

5. NCI states that it is incorporated in Georgia with its principal place of business located at 2002 Summit Blvd., Ste. 600, Atlanta, GA 30319 and that its primary business is the collection of commercial and consumer debts. NCI denies the remaining allegations contained in Paragraph 6 of the Complaint.

6. Paragraph 6 of the Complaint is "intentionally left blank." However, to the extent that an answer is required, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and based thereon deny the allegations.

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint

and based thereon deny the allegations.

## FACTUAL ALLEGATIONS

9. Defendants state that the allegations contained in Paragraph 9 of the Complaint are legal conclusions and no answer is required of these answering defendants. However, to the extent that an answer is required, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants state that the allegations contained in Paragraph 10 of the Complaint are legal conclusions and no answer is required of these answering defendants. However, to the extent that an answer is required, Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. NCI states that it prepared correspondence to Plaintiff dated March 17, 2011. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the

1 Complaint.

2  20.  Defendants deny the allegations contained in Paragraph 20 of the
3 Complaint.

4  21.  Defendants deny the allegations contained in Paragraph 21 of the
5 Complaint.

6  22.  Defendants deny the allegations contained in Paragraph 22 of the
7 Complaint.

8  23.  Defendants deny the allegations contained in Paragraph 23 of the
9 Complaint.

**FIRST CAUSE OF ACTION**

**(Against Defendant Nationwide for Violations of FDCPA 15 USC 1692 et seq.)**

 24.  Defendants incorporate their responses to Paragraphs 1 through 23 in response to the allegations contained in Paragraph 24 as set forth above.

 25.  Defendants deny the allegations contained in Paragraph 25 of the Complaint including all subsections.

 26.  Defendants deny the allegations contained in Paragraph 26 of the Complaint.

**THIRD (SIC) CAUSE OF ACTION**

**(Against Defendant Nationwide for Violations of the Rosenthal Act, CC § 1788 et seq.)**

 27.  Defendants incorporate their responses to Paragraphs 1 through 26 in response to the allegations contained in Paragraph 27 as set forth above.

 28.  Defendants state that the allegations contained in Paragraph 28 of the Complaint are legal conclusions and no answer is required of this answering defendant. To the extent an answer is deemed to be required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

 29.  Defendants deny the allegations contained in Paragraph 29 of the Complaint.

1    30.    Defendants deny the allegations contained in Paragraph 30 of the Complaint.

### THIRD CAUSE OF ACTION

**(Against Defendant Nationwide for Violations of CA Penal Code 632 and Federal 18 USC 2511(d)(2) prohibiting illegal call recording)**

31.    Defendants incorporate their responses to Paragraphs 1 through 30 in response to the allegations contained in Paragraph 31 as set forth above.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants state that the allegations contained in Paragraph 33 of the Complaint are legal conclusions and no answer is required of these answering defendants.  To the extent an answer is deemed to be required, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants state that the allegations contained in Paragraph 34 of the Complaint are legal conclusions and no answer is required of these answering defendants.  To the extent an answer is deemed to be required, Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants state that the allegations contained in Paragraph 35 of the Complaint are legal conclusions and no answer is required of these answering defendants.  To the extent an answer is deemed to be required, Defendants deny the allegations contained in Paragraph 35 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiff's Complaint, and every purported claim therein, fails to allege facts sufficient to state a claim against Defendants.

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint, and every purported claim therein, is barred by the applicable statute of limitations including, but not limited to Civil Code 1788.30(f) and 15 U.S.C. 1692(k)(d).

## THIRD AFFIRMATIVE DEFENSE

### (Bad Faith)

Plaintiff has brought numerous, duplicative, unnecessary, and frivolous Complaints against Defendants in this action as well as against numerous other Defendants in other actions in multiple courts filed shortly after Plaintiff's bankruptcy was discharged in an effort to harass and extort Defendants and to defraud the trustee of Plaintiff's bankruptcy estate in bad faith, entitling Defendants to their attorneys' fees in these actions.

## FOURTH AFFIRMATIVE DEFENSE

### (Res Judicata)

Plaintiff's Complaint, and every purported claim therein, are barred by the doctrine of res judicata because the claims in Plaintiff's Complaint were previously adjudicated and dismissed with prejudice in San Diego County Superior Court Case No. 37-2011-00012132-SC-SC-NC.

## FIFTH AFFIRMATIVE DEFENSE

### (Bona Fide Error Defense)

Defendants state that any alleged violation of the Fair Debt Collection Practices Act or Rosenthal Act was a bona fide error. NCI has and maintains procedures relating to such conduct to avoid the specific violation of which plaintiffs complains. NCI contends that, at all times relevant hereto, it maintained reasonable practices and procedures to protect against the conduct alleged in the Complaint.

/ / /

## SIXTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

Upon information and belief, Plaintiff has failed to exercise reasonable care and diligence to avoid alleged losses and minimize damages and therefore may not recover for losses, which could have been prevented by reasonable efforts on his part or by expenditures that might reasonably have been made. Therefore, Plaintiff's recovery, if any, should be reduced by the failure of Plaintiff to mitigate his alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel or Laches)

Plaintiff's actions as against Defendants are barred by one or more of the doctrines of waiver, estoppel and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Technicality)

Defendants are informed and believe and thereon allege that any alleged violations of the FDCPA of Rosenthal Act were merely technical, and should be excused as *de minimus* injuries or damages.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Confidential Communications)

Cal. Penal Code 632 is inapplicable to Plaintiff because Plaintiff may have reasonably expected that a telephone conversation between himself and a debt collector may have been overheard or recorded.

## TENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff has at all times given his consent, express or implied, to any conduct undertaken by Defendants in connection with the collection of the subject account(s).

///

ANSWER TO COMPLAINT
7

## ELEVENTH AFFIRMATIVE DEFENSE

### (Conformance with Contracts and Applicable Law)

Any and all conduct or activity by Defendants alleged in Plaintiff's Complaint conformed to any and all applicable contracts, statutes, codes, and regulations at all times relevant herein.

## TWELFTH AFFIRMATIVE DEFENSE

### (Qualified Privilege)

Defendants' alleged acts and omissions, if any, respecting the subject matter alleged in Plaintiff's Complaint, were undertaken in good faith with the absence of the intent, malicious or otherwise, to injure Plaintiff, and constitute lawful, proper and justified means to further the contractual interests and business purposes of NCI. Any purported alleged conduct of NCI, or employees, agents or individuals acting on NCI's behalf, is subject to a qualified privilege and Defendants were justified in engaging in the conduct attributable to them.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (All Defendants Are Not "Debt Collectors")

Defendant Soclyno Fernandez, an individual and employee of NCI, is not a "debt collector" under the FDCPA or Rosenthal Act.

WHEREFORE, Defendants respectfully request that Plaintiff take nothing by way of his Complaint and that judgment be entered in favor of Defendants and against Plaintiff and for any other relief that is just and proper.

DATED:  July 14, 2011                                    HOUSER & ALLISON
                                                         A Professional Corporation


                                                         /s/ Carrie N. Heieck
                                                         Eric D. Houser
                                                         Carrie N. Heieck
                                                         Attorneys for Defendants,
                                                         NATIONWIDE CREDIT, INC. and
                                                         SOCLYNO FERNANDEZ

ANSWER TO COMPLAINT
8

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA )
) SS
COUNTY OF SAN DIEGO )

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 701 Palomar Airport Road, Suite 200, Carlsbad, CA 92011.

On July 14, 2011 I served the following document(s) described as follows:

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONWIDE CREDIT, INC. TO PLAINTIFF'S COMPLAINT**

On the following interested parties in this action:

Nicholas A. Horowitz
252 Sophia Way
Oceanside, CA 92057
*Plaintiff in pro per*

☒ **VIA MAIL – CCP §§ 1013(a); 2015.5:** By placing a true copy thereof enclosed in a sealed envelope(s) addresses as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Carlsbad, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on July 14, 2011 at Carlsbad, California.

  */s/ Carrie N. Heieck*_____
  Carrie N. Heieck